Ronald Wayne ROGERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–91–00207–CR.

Court of Appeals of Texas, Dallas.

March 23, 1992.

Kerry P. FitzGerald, Dallas, for appellant.

Candace Chappell, Dallas, for appellee.

Before THOMAS, MALONEY and KAPLAN, JJ.

## OPINION

KAPLAN, Justice.

A jury convicted Ronald Wayne Rogers of burglary of a vehicle. The jury assessed punishment, enhanced by two prior convictions, at seventy years' confinement. Appellant contends that the evidence is insufficient to establish his guilt beyond a reasonable doubt. We disagree and affirm the judgment of the trial court.

## FACTUAL BACKGROUND

Katherine Wright testified that on the evening of December 9, 1990, she stopped at a Texaco station to buy gasoline. Wright kept a watchful eye on her Jeep while she was inside the station. She had left her purse on the passenger seat, and the door was unlocked. The area was lighted by an overhang that extended from the main building to the outer pumps.

While Wright was paying for her gasoline, she noticed a black male near her Jeep. The man wore a white shirt. Wright testified that the man made eye contact with her and appeared to smile at her. The man then got into the passenger side of an older-model white car. The car was parked next to her Jeep but facing the opposite direction. Wright noted that the driver of the white car turned onto a service road alongside the service station.

Wright finished paying for the gasoline and returned to her Jeep. She immediately realized that her purse was not on the passenger seat. She checked the floorboard in the front and back seats, but she could not find her purse. Wright then began chasing the white car on foot.

Two police officers had stopped the driver of the white car for a traffic violation just a few hundred yards from the service station. The only other person in the car, appellant, was seated in the front passenger seat. Wright told one of the officers that she thought that one of the occupants of the white car had taken her purse from her Jeep. She described the purse to the officer. Wright then returned to the service station to get her Jeep.·

When Wright returned to where the police officers had stopped the white car, she saw her purse on the hood of the vehicle. One of the officers testified that he found the purse on the front passenger floorboard at appellant's feet. The officer asked Wright if she could identify the man who stole her purse. Wright asked the officer if both men were wearing white shirts. Only the appellant was wearing a white shirt.

Wright testified that she did not give appellant or anyone else effective consent to enter her Jeep.

## SUFFICIENCY OF THE EVIDENCE

In his sole point of error, appellant contends that the evidence is insufficient to support his conviction for burglary of a vehicle. Appellant points out that nobody saw him actually enter Wright's car. Nobody saw him in exclusive possession of the purse. Nobody testified that he acted as a look-out while someone else took the purse. Appellant argues that the driver of the car could have committed the burglary without his knowledge. Thus, appellant contends that the evidence does not exclude every reasonable hypothesis other than his guilt. We disagree.

### 1. Standard of Review

■ In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. We determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Turner v. State*, 805 S.W.2d 423, 427 (Tex.Crim. App.), *cert. denied*, —— U.S. ——, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). This standard of review is the same for both direct and circumstantial evidence cases. *Garrett v. State*, 682 S.W.2d 301, 304 (Tex.Crim.App. 1984), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985). In circumstantial evidence cases, however, a finding of guilt beyond a reasonable doubt is not a rational finding if the evidence supports a reasonable inference other than the guilt of

the accused.[1]  *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App.1983) (op. on reh'g); *Kirven v. State*, 751 S.W.2d 212, 215 (Tex. App.—Dallas 1988, no pet.).  The State is not required to prove to a moral certainty that the circumstances presented actually exclude *every* hypothesis that the criminal act may have been committed by another person.  The State must only exclude every *reasonable* hypothesis raised by the evidence that would tend to exculpate the accused.  *Brandley v. State*, 691 S.W.2d 699, 703 (Tex.Crim.App.1983).  Each fact need not point directly and independently to the guilt of the accused.  The cumulative effect of all the incriminating facts may be sufficient to support the conviction. *Livingston v. State*, 739 S.W.2d 311, 330 (Tex.Crim.App.1987), *cert. denied*, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988).

### 2.  Elements of the Offense

■  In this case, the court instructed the jury on the elements of burglary of a vehicle.  A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.  TEX.PENAL CODE ANN. § 30.04(a) (Vernon 1989).  The court also instructed the jury on the law of parties. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.  TEX.PENAL CODE ANN. § 7.01(a) (Vernon 1974).  Circumstantial and direct evidence are equally probative for proving guilt beyond a reasonable doubt.  *Hankins v. State*, 646 S.W.2d 191, 199 (Tex.Crim.App.1983).

### 3.  Application of the Law to the Facts

■  We find that a rational trier of fact could have found beyond a reasonable doubt that appellant, either acting alone or with another as a party, committed the offense with which he was charged. Among the facts that the jury could have considered to determine appellant's guilt are:  (1) the burglary occurred while Wright was at the service station;  (2) Wright testified that she saw only one person near her Jeep at the gas station—a black man wearing a white shirt;  (3) Wright testified that the black male in the white shirt left the gas station in a late-model white car;  (4) two police officers stopped the same late-model white car as it left the gas station;  (5) appellant was one of two people in the white car;  (6) the other person in the car was not wearing a white shirt;  and (7) an officer testified that Wright's purse was on the front passenger floorboard at appellant's feet.  We hold that the cumulative effect of all these incriminating facts is sufficient to exclude every reasonable hypothesis other than appellant's guilt and to support his conviction.

We note that two panels of the San Antonio Court of Appeals divided with respect to a factually similar question presented in two companion cases, *Markham v. State*, 761 S.W.2d 553 (Tex.App.—San Antonio 1988, no pet.) (on remand) and *Phelps v. State*, 730 S.W.2d 198 (Tex.App.—San Antonio 1987, no pet.).  In *Markham* and *Phelps*, as in this case, a woman's purse was taken from her car while she was paying for gasoline.  Officers recovered the purse in a car driven by Phelps in which Markham and one other person were passengers.  Both Phelps and Markham were charged with the offense of burglary of a vehicle.  They were tried separately. Both juries were instructed on the offense charged and the law of parties.  The juries found both men guilty.

In *Phelps* and *Markham*, an undercover police officer testified that the car in which Phelps and Markham were subsequently arrested had been under surveillance for suspected involvement in several thefts.

---

**1.** We are aware of the *Geesa* decision which abrogates the "reasonable hypothesis" standard of review.  *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim.App.1991).  In *Geesa*, however, the Court of Criminal Appeals determined that the application of this newly announced rule was to be applied prospectively to those cases tried after the decision was rendered.  Because this case was tried prior to the time the *Geesa* opinion was issued, *Geesa* is not applicable to our review.

An officer had been following the car and its three occupants immediately before the incident but had lost sight of the vehicle for approximately ten minutes. When the officer rediscovered the car, it was at a service station. The officer noted that only two men were in the car. Markham then entered the vehicle. The officer testified that Markham did not have anything in his hand when he got into the car. Phelps then drove the car away from the service station. The officer was following the car when the theft of the complainant's purse was reported on the police radio. The three codefendants were under surveillance from the time they left the service station until they were pulled over, approximately fifteen minutes later. The purse was discovered on the back seat of the car.

One panel of the San Antonio court found this evidence sufficient to sustain Phelps's conviction under the law of parties. *Phelps*, 730 S.W.2d at 200. Another panel found the evidence insufficient to find Markham, either acting alone or with another party, guilty of the offense charged. *Markham*, 761 S.W.2d at 562. To the extent that *Phelps* and *Markham* presented the San Antonio court with factual questions similar to those presented in the instant case, we choose to follow *Phelps*. Moreover, we find the facts of the instant case to be distinguishable from and more compelling than those presented in *Markham*.

In *Markham*, there was no evidence that the defendant removed the complainant's purse from her car. The complainant did not see the defendant or any other person enter her car. Although an officer saw the defendant getting into the car at the service station, the officer testified that the defendant did not have anything in his hand. None of the witnesses saw the defendant with the purse or its contents. Finally, the officers recovered the purse from the back seat of the car while the defendant was sitting in the front seat. In this case, Wright testified that she saw appellant standing near her car. Moreover, the officers found her purse at appellant's feet on the floorboard. These two factors distinguish this case from *Markham* and are

significant enough, in and of themselves, to persuade us to affirm the conviction.

We overrule appellant's point of error and affirm the trial court's judgment.