**Steven LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–94–045–CR.**

Court of Appeals of Texas,
Austin.

Oct. 12, 1994.

---

Before CARROLL, C.J., and JONES and KIDD, JJ.

JONES, Justice.

Steven Lopez, appellant, was convicted by a jury of the offense of burglary of a building. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 30.02, 1973 Tex.Gen. Laws 883, 926 (Tex.Penal Code Ann. § 30.02, since amended). The jury assessed punishment at sixteen years' imprisonment. In a single point of error, appellant challenges the legal sufficiency of the evidence to support his conviction. We will affirm.

## BACKGROUND

The following events were established at trial. On the morning of March 13, 1993, Troy Brosset, owner of the Lampasas Locker Plant in Lampasas, Texas, discovered that the plant had been burglarized. Some change from the cash register and an assortment of meat products were missing. Further inspection of the premises revealed that a panel of an unused door had been smashed open. The burglar apparently had then reached in through the hole and unlocked the door.

A man living in a building across the street, Ted Cockrill, reported to Brosset and to the police that the previous night he had heard a lot of "beating and banging" noises outside his residence, coming from the direction of the plant. Cockrill also reported that during the same period of time he had heard two men speaking to one another. He never saw either of these men, but was able to identify one of the voices as that of appellant.

Based on this information, police obtained a warrant to search appellant's apartment. When the search warrant was executed, officers from the Lampasas Police Department knocked on appellant's door and announced themselves as police officers. When no one answered, they entered through a window. Inside, they found appellant in the bathroom. He told them he had not opened the apartment door because he thought "the mob" was

James H. Kreimeyer, Belton, for appellant.

Larry W. Allison, County & Dist. Atty., Lampasas, for appellee.

after him.[1] In appellant's refrigerator, the officers found a large quantity of meat products of the type stolen from the Lampasas Locker Plant. Mr. Brosset later identified this meat as the stolen property. When asked by the officers how he obtained possession of the meat products in his refrigerator, appellant responded that he did not know because he "leaves his door open all the time." At trial, however, appellant testified that a neighbor had asked permission to store the meat in appellant's refrigerator, and that he had agreed.

## DISCUSSION

In his sole point of error, appellant challenges the legal sufficiency of the evidence to support his conviction. The critical inquiry on review of the legal sufficiency of the evidence to support a criminal conviction is whether the evidence in the record could reasonably support a finding of guilt beyond a reasonable doubt. This Court does not ask whether it believes that the evidence at trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Crim.App.1981). The standard of review is the same for direct and circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154, 161 (Tex.Crim.App.1991).

A person commits the offense of burglary if, without the effective consent of the owner, he (1) enters a habitation or building not then open to the public with intent to commit a felony or theft, or (2) enters a habitation or building and commits or attempts to commit a felony or theft. Tex.Penal Code Ann. § 30.02(a), since amended.

The primary focus of appellant's challenge is on the element of entry. Because the court's charge did not include any instruction on the law of parties, the evidence must be sufficient to find that appellant personally entered the Lampasas Locker Plant. *Cf. Jones v. State*, 815 S.W.2d 667, 669–71 (Tex. Crim.App.1991) (holding that where law of parties was not properly charged, evidence must be sufficient to show that defendant personally committed all elements of offense). Appellant asserts that in the present case the evidence is not sufficient, relying on two cases, *Walker v. State*, 823 S.W.2d 247 (Tex.Crim.App.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1481, 117 L.Ed.2d 624 (1992), and *Edwards v. State*, 867 S.W.2d 90 (Tex. App.—Corpus Christi 1993, no pet.).

The first of these, *Walker*, is based on an obsolete legal standard. In *Walker*, the defendant was convicted of burglary after his palm prints were found on a television set outside the burglarized store. 823 S.W.2d at 248. There was evidence, including footprints at the scene, that at least two people were involved. Because there were no witnesses to the burglary, however, there was no evidence of the defendant's precise role in the crime. As in the present case, the trial court in *Walker* gave no instruction on the law of parties, so the evidence had to be sufficient to establish that the defendant personally committed all the essential elements of burglary, including entry. *Id.*

The Court of Criminal Appeals applied the "reasonable hypothesis" analytical construct: "[In] a circumstantial evidence case, we must determine whether the evidence excludes every reasonable hypothesis other than the guilt of appellant by his own conduct." *Id.* at 249. This standard required that the evidence be sufficient to affirmatively *exclude* the possibility that the defendant had not personally entered the building, even though he may have been involved in the burglary. The court concluded that the evidence was not sufficient:

> One reasonable possibility is that appellant entered the building and carried the television to the garden area. Another reasonable hypothesis is that appellant

---

1. Through a pleading filed in the district court, appellant gave notice of his intention to raise an insanity defense. Following a pre-trial hearing, the trial court found appellant competent to stand trial. Appellant apparently abandoned the insanity defense, however, and the jury was not charged on that defense at trial.

waited outside the building and carried the television handed to him by the one who entered the store....

... The evidence does not exclude the reasonable hypothesis that appellant was guilty only as a party. Therefore, the evidence is insufficient to support the conviction....

*Id.* While the reasoning of the *Walker* court would appear to support appellant's position, the "reasonable hypothesis" standard on which *Walker* is based was abandoned in *Geesa,* 820 S.W.2d at 156–61. Consequently, *Walker* is no longer controlling authority on the sufficiency of circumstantial evidence in a burglary case. *See Krueger v. State,* 843 S.W.2d 726, 728 (Tex.App.—Austin 1992, pet. ref'd).

■ Appellant argues that direct evidence of his entry into the building is required even after the abandonment of the "reasonable hypothesis" standard. For this proposition he relies on *Edwards,* a post-*Geesa* case. As in *Walker* and the present case, the defendant in *Edwards* was convicted of burglary without any direct evidence that he had personally entered the burglarized building. 867 S.W.2d at 93–94. Edwards was one of three men involved in the burglary; a witness saw him approach the door of the building, but because of her position could not see whether he entered it or not. *Id.* at 93. The three men were arrested shortly thereafter and found to be in possession of the stolen property. The court found this evidence insufficient to support a burglary conviction:

The State failed to produce sufficient evidence to establish the essential element of entry. No witness saw him enter or carry any objects from the house, and the State offered no physical evidence showing his actual presence in the house.... While a jury might possibly infer entry from the mere fact that appellant temporarily disappeared from the witness's view, a rational trier of fact could not find entry beyond a reasonable doubt given the facts that the witness could not see the door, that appellant was out of sight for less than a minute, and that he carried nothing from the house.

*Id.* at 94. Appellant urges us to reverse his conviction in accord with *Edwards.* We decline to follow the reasoning of that decision. We see no reason why the element of entry into a building may not be established by inference, just as inferences may—and often must—be used to prove the elements of any other offense.

In the present case, the jury heard evidence that placed appellant at the Lampasas Locker Plant at the time of the burglary. Furthermore, the nature of the stolen property, numerous packages of meat products, supports an inference that the burglars shared the task of removing the goods from the building. The jury was entitled to reject as inherently implausible the theory that a burglar would slow his commission of the offense and delay his escape by standing idle while his partner struggled with armfuls of packages. Moreover, it is undisputed that a short time after the burglary, appellant was in possession of the stolen property. Appellant offered conflicting and equally implausible explanations for his possession of the property.

Under these circumstances, the jury was entitled to infer that appellant did in fact enter the locker plant. The Court of Criminal Appeals made it clear in *Geesa* that it is the jury's prerogative "to weigh the evidence, to judge the credibility of the witnesses, and to choose between conflicting theories of the case." *Geesa,* 820 S.W.2d at 159. It is also the jury's prerogative to choose between conflicting *inferences* raised by the evidence. *See Matson v. State,* 819 S.W.2d 839, 846 (Tex.Crim.App.1991); *Moone v. State,* 802 S.W.2d 101, 103–04 (Tex.App.—Austin 1990, pet. ref'd).

Finally, appellant testified at trial that he was home at the time of the burglary, and that he innocently received the meat from a neighbor. However, the jury was entitled to disbelieve this story, especially in light of the fact that it was totally uncorroborated and conflicted with prior statements made by appellant at the time of his arrest.

We conclude that the evidence in the present case, viewed in the light most favorable to the prosecution, is sufficient to support a

finding of all the essential elements of burglary beyond a reasonable doubt.

## CONCLUSION

We overrule appellant's point of error and affirm the conviction.

CARROLL, C.J., not participating.