TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00395-CV






In the Matter of R. M.









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-17,723, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 R.M., a juvenile ("appellant"), appeals from an adjudication by the district court
of Travis County, sitting as a juvenile court, that he engaged in delinquent conduct by committing
the offense of burglary of a habitation. See Tex. Penal Code Ann. § 30.02 (West 1994). In a
single point of error, appellant contends the evidence is legally insufficient to support a finding
of guilt as to the offense of burglary. We will affirm.


Factual and Procedural Background


 Between 10:00 p.m. and 11:00 p.m. on March 17, 1998, Paris Yvette Drake Jones
returned to the home she shared with her son and discovered that someone had broken her son's
bedroom window, apparently entered the premises through that window, and removed several
items. The missing items included a Sony Playstation and its attachments, several games for the
Playstation, a portable stereo system, a CD player, a VCR, and some baseball cards. Jones
reported the burglary to the police; several hours later, the police returned all of her property
except the Sony Playstation and its attachments, one of the Playstation games, and the VCR. Jones
estimated the value of these items to be $415.

 Shortly before midnight on March 17, Austin Police Officer Troy Michael Reeves
responded to a call regarding a juvenile under house arrest who was refusing to comply with his
mother's request that he return home. That juvenile later proved to be appellant. After meeting
with appellant's mother, Officer Reeves located appellant standing in the playground of the
apartment complex where appellant lived with his mother. After speaking for approximately five
minutes, Reeves and appellant were walking back toward appellant's apartment when appellant
confessed that he had "knocked off" a house earlier that evening. Reeves took appellant into
custody. Appellant later identified Jones's house as the one that he had burglarized.

 On March 23, 1998, the district attorney's office filed an "Original Petition
Alleging Delinquent Conduct." After an adjudication hearing on May 4, 1998, the juvenile judge
adjudicated appellant guilty of burglary of a habitation. On May 22, 1998, appellant's motion for
a new trial was denied following a hearing. A disposition hearing was held on June 3, 1998, and
appellant was placed on probation for one year in the custody of a relative.


Discussion


 In a single point of error, appellant contends the evidence is legally insufficient to
support the finding that, beyond a reasonable doubt, he committed the offense of burglary of a
habitation. Specifically, appellant argues that there is no evidence in the record that places him
inside Jones's home on the evening of March 17, 1998. For the reasons discussed below, we
conclude that the evidence presented at the adjudication hearing is sufficient to sustain the trial
court's finding that appellant committed burglary of a habitation.

 When reviewing the legal sufficiency of the evidence for findings of guilt following
juvenile adjudication proceedings, we apply the criminal standard of review because the State
bears the same burden of proof as in criminal cases. In re E.P., 963 S.W.2d 191, 193 (Tex.
App.--Austin 1998, no writ). Thus, the relevant question that this Court must answer is whether,
after viewing the evidence in the light most favorable to the prosecution, any reasonable trier of
fact could have found that the elements of burglary had been proven beyond a reasonable doubt. 
That we might reach different conclusions than the trier of fact is of no consequence. See Jackson
v. Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim.
App. 1981). In considering the sufficiency of the evidence, we must also bear in mind that the
trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given
their testimony; triers of fact are free to accept or reject any or all of any witness's testimony. 
Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).

 Section 30.02 of the Texas Penal Code states that a person commits the offense of
burglary of a habitation "if, without the effective consent of the owner, he . . . enters a . . .
habitation and commits or attempts to commit a felony or theft." Tex. Penal Code Ann.
§ 30.02(a)(3) (West 1994). Appellant asserts that there is no physical evidence indicating that he
entered Jones's house, and therefore the evidence is legally insufficient to find that he committed
the offense of burglary. This Court has established, however, that direct evidence of entry is not
a prerequisite to conviction of burglary. See Lopez v. State, 884 S.W.2d 918, 921 (Tex.
App.--Austin 1994, pet. ref'd) ("We see no reason why the element of entry into a building may
not be established by inference, just as inferences may--and often must--be used to prove the
elements of any other offense."). On the facts of this case, we believe that the trier of fact had
substantial circumstantial evidence from which to infer that appellant did in fact enter Jones's
home.

 In Lopez, this Court affirmed the defendant's conviction of burglarizing a meat
locker on the basis of circumstantial evidence. In that case, the trier of fact heard evidence that
a witness identified the defendant's voice at the scene of the crime during the time in which the
crime was committed. Lopez, 884 S.W.2d at 921. Additionally, the defendant was found in
possession of some of the stolen meat a short time after the crime. Id. Finally, the trier of fact
was entitled to infer, based on the bulk of the meat stolen, that more than one person would have
been needed to commit the crime. Id. Despite testimony from the defendant that he was sitting
innocently at home on the evening of the crime, we held that the jury was entitled to infer from
the above evidence that the defendant entered the meat plant on the night in question and
committed the crime of burglary. Id.

 The case at bar is markedly similar to Lopez. Within hours of the crime, appellant
was found in possession of a compact disc stolen from Jones's home. Additionally, from the bulk
and number of items stolen from Jones's home, the trier of fact was entitled to infer that several
people transported the goods. Finally, appellant's confession to Officer Reeves on the night of
the crime, as well as his hearing testimony, place him at Jones's home during the commission of
the crime. Indeed, this testimony seems to us more forceful than the voice identification used to
place the defendant at the scene of the crime in Lopez. Here, appellant actually confessed that he
"knocked off a house" and was able to take Reeves to that house.

 Appellant's testimony during the adjudication proceeding provided additional
evidence from which the trier of fact could have inferred entry into Jones's home. Specifically,
appellant testified that he: (1) discussed burglarizing Jones's home with his friends earlier on the
evening of the crime, (2) told his friends that he would be willing to help them with the burglary
if he could, (3) witnessed his friends break a window in Jones's home with rocks, (4) witnessed
his friends enter Jones's home through the window, and (5) later, after the crime had been
committed, ran and hid from his mother and from Jones. Moreover, twice during direct
examination, appellant testified that he and his friends had carried the stolen goods to one of their
homes. Specifically, appellant testified: "we took all the [stolen goods] to Aaron's house" and
"we put [the stolen items] in Aaron's house." (Emphasis added.) When asked by counsel whether
he actually participated in this transport of the stolen goods, appellant testified that "we" meant
his friends Aaron and Michael, but did not include himself.

 Appellant's own testimony indisputably establishes that he contemplated
participation in the crime, was present at the scene of the crime during its commission, and
benefited from the commission of the crime. Moreover, he told a police officer that he in fact
committed the crime. Although appellant testified at the adjudication hearing that he did not enter
Jones's home, the trier of fact was entitled to disbelieve this testimony as implausible or simply
not credible. See Geesa v. State, 820 S.W.2d 154, 159 (Tex. Crim. App. 1991); Lopez, 884
S.W.2d at 921. Thus, despite the absence of eyewitness testimony or direct physical evidence
placing appellant inside the burglarized home, we believe that sufficient circumstantial evidence
supports the trier of fact's finding that appellant entered the premises and committed burglary of
a habitation. (1)


Conclusion


 Because there is sufficient evidence in the record to support an inference that
appellant entered the burglarized premises, we overrule appellant's legal sufficiency point of error
and affirm the trial court's adjudication order.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: March 18, 1999

Do Not Publish

1. Because we find that there was sufficient evidence to infer that appellant himself entered
Jones's home, we do not reach his arguments as to whether he could be held criminally responsible
for the conduct of his friends pursuant to section 7.02 of the Texas Penal Code.


e time in which the
crime was committed. Lopez, 884 S.W.2d at 921. Additionally, the defendant was found in
possession of some of the stolen meat a short time after the crime. Id. Finally, the trier of fact
was entitled to infer, based on the bulk of the meat stolen, that more than one person would have
been needed to commit the crime. Id. Despite testimony from the defendant that he was sitting
innocently at home on the evening of the crime, we held that the jury was entitled to infer from
the above evidence that the defendant entered the meat plant on the night in question and
committed the crime of burglary. Id.

 The case at bar is markedly similar to Lopez. Within hours of the crime, appellant
was found in possession of a compact disc stolen from Jones's home. Additionally, from the bulk
and number of items stolen from Jones's home, the trier of fact was entitled to infer that several
people transported the goods. Finally, appellant's confession to Officer Reeves on the night of
the crime, as well as his hearing testimony, place him at Jones's home during the commission of
the crime. Indeed, this testimony seems to us more forceful than the voice identification used to
place the defendant at the scene of the crime in Lopez. Here, appellant actually confessed that he
"knocked off a house" and was able to take Reeves to that house.

 Appellant's testimony during the adjudication proceeding provided additional
evidence from which the trier of fact could have inferred entry into Jones's home. Specifically,
appellant testified that he: (1) discussed burglarizing Jones's home with his friends earlier on the
evening of the crime, (2) told his friends that he would be willing to help them with the burglary
if he could, (3) witnessed his friends break a window in Jones's home with rocks, (4) witnessed
his friends enter Jones's home through the window, and (5) later, after the crime had been
committed, ran and hid from his mother and from Jones. Moreover, twice during direct
examination, appellant testified that he and his friends had carried the stolen goods to one of their
homes. Specifically, appellant testified: "we took all the [stolen goods] to Aaron's house" and
"we put [the stolen items] in Aaron's house." (Emphasis added.) When asked by counsel whether
he actually participated in this transport of the stolen goods, appellant testified that "we" meant
his friends Aaron and Michael, but did not include himself.

 Appellant's own testimony indisputably establishes that he contemplated
participation in the crime, was present at the scene of the crime during its commission, and
benefited from the commission of the crime. Moreover, he told a police officer that he in fact
committed the crime. Although appellant testified at the adjudication hearing that he did not enter
Jones's home, the trier of fact was entitled to disbelieve this testimony as implausible or simply
not credible. See Geesa v. State, 82