TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00303-CR






Jeffrey Rezaei, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 981062, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING 






 After a bench trial, Jeffrey Rezaei was convicted of the offense of burglary of a
habitation. See Tex. Penal Code Ann. § 30.02(a)(3) (West Supp. 2000). (1) The court sentenced
appellant to two years' confinement in the Texas Department of Criminal Justice--Institutional
Division. Appellant challenges the legal and factual sufficiency of the evidence to support his
conviction. We will affirm.


Factual and Procedural Background



 Doris Jackson testified that on February 18, 1998, she returned home to find
various items that did not belong to her, including "a bunch of clothes piled all over the place,"
a table saw, and a bench grinder. Appellant (2) and Richard Hancock were at her house when she
arrived and Hancock told Jackson the items came from "the house down by the field." Jackson
told them to remove these items from her property. Appellant and Hancock then walked back
toward the house in question, Edith Davila's residence. Jackson went back inside her house and
so did not see the two men actually enter Davila's residence. The men returned to her house in
approximately fifteen to twenty minutes carrying a "boom box" and a bag containing coins and
gold rings.

 Appellant and Hancock asked Jackson to take the stolen items to a pawn shop. 
Appellant wanted to split up the money in the bag and told Jackson that they would all make some
money off the stolen goods if she pawned them. She refused. The men put the items in a
neighbor's truck and drove away. Jackson called the police.

 The police called Davila at work that same afternoon to tell her that her house had
been burglarized. Davila arrived home to find the back door pried open and numerous items
missing. She then accompanied a police officer to a pawn shop where she identified several items
from her house, including the saw and grinder, a CD player/radio (the "boom box"), and a bag
of coins. Davila had no doubt that the recovered items belonged to her--she had carved an
identification number on the radio and a camera bag contained a book inscribed with her name. 
Davila calculated the value of the stolen items at about $2,200.00. She testified that she knew
who appellant was but had never given appellant or Hancock permission to enter her home. 

 Richard Hancock, the only witness offered by the defense, pleaded guilty to
burglarizing Edith Davila's house. He testified that he entered the house through the back door,
began removing things, and threw them over the back fence. He said that when he came around
the other side of the fence to retrieve the items, he saw appellant coming down the road and asked
him to help carry the items. Hancock stated that although appellant helped him carry the stolen
items to Jackson's house, appellant never entered Davila's house or backyard. Hancock claimed
that they loaded the property into a friend's truck, then drove off and were pulled over before they
could get to a pawn shop.

 Appellant was arrested and indicted for the offense of burglary of a habitation. In
two issues on appeal, appellant contends that the evidence is legally and factually insufficient to
support his conviction because the proof is insufficient to show he entered Davila's residence. 
The State responds that the evidence is sufficient to convict appellant either under the law of
parties or as a primary actor. We will overrule both issues presented.


Discussion



Standard of Review


 In reviewing the legal sufficiency of the evidence to support a conviction, the
appellate court asks whether, after viewing the evidence in the light most favorable to the verdict,
any rational trier of fact could have found the essential elements of the criminal offense beyond
a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Rojas v. State, 986
S.W.2d 241, 246-47 (Tex. Crim. App. 1998). Any inconsistencies in the evidence should be
resolved in favor of the verdict. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.
1988). We review the factual sufficiency of the evidence without viewing it through the prism
of "in the light most favorable to the prosecution." Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd
untimely filed). The appellate court sets aside the verdict "only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust." Clewis, 922 S.W.2d
at 129, Stone, 823 S.W.2d 381. The reviewing court must be appropriately deferential so as to
avoid substituting its judgment for that of the factfinder. See Santellan v. State, 939 S.W.2d 155,
164 (Tex. Crim. App. 1997); Clewis, 922 S.W.2d at 133. In a bench trial, the trial court is trier
of fact and is the exclusive judge of the credibility of the witnesses and the weight to be given
their testimony. The trier of fact may accept or reject all or any part of the testimony of any
witness. See Joseph v. State, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995).


Elements of burglary


 The essential elements of burglary are: (1) a person, (2) without the effective
consent of the owner; (3) enters a building or habitation, and (4) commits or attempts to commit
a felony or theft. (3) See Tex. Penal Code Ann. § 30.02(a)(3); Lopez v. State, 884 S.W.2d 918, 920
(Tex. App.--Austin 1994, pet. ref'd).

 When there is independent evidence of a burglary, the unexplained personal
possession of recently stolen property can support an inference of guilt. See Hardesty v. State,
656 S.W.2d 73, 76 (Tex. Crim. App. 1983); Havard v. State, 972 S.W.2d 200, 201-02 (Tex.
App.--Beaumont 1998, no pet.). Specifically, the element of entry can be established by inference. 
See Lopez, 884 S.W.2d at 921. This inference is not conclusive--the sufficiency of the evidence
must still be examined according to applicable evidentiary standards of appellate review. See
Hardesty, 656 S.W.2d at 77.

 In order to warrant an inference of guilt, the possession must be personal, recent,
unexplained, and must involve a distinct and conscious assertion of right to the stolen property
by the accused. See Grant v. State, 566 S.W.2d 954, 956 (Tex. Crim. App. 1978); Sweeny v.
State, 925 S.W.2d 268, 271 (Tex. App.--Corpus Christi 1996, no pet.). Any explanation for the
possession of stolen goods must be given at the time of arrest or when first called upon to do so. 
See Hardesty, 656 S.W.2d at 77; Sweeny, 925 S.W.2d at 270-71.

 Appellant does not contest that he assisted Hancock and that, at some point,
appellant personally possessed items of stolen property. He argues that he is not guilty of
burglary, however, because he never entered Davila's house or property and did not know that
Hancock had committed a burglary. Further, relying on Jackson v. State, 645 S.W.2d 303, 304-05 (Tex. Crim. App. 1983), he argues that his possession of stolen property did not support an
inference of guilt. The State argues that all necessary elements were established to convict
appellant of burglary either as a party or as a principal actor.


Guilt as a Party

 If the evidence supports a charge on the law of parties, the trial court in a criminal
case may instruct the jury on the law of parties and apply the law to the facts even if there is no
such allegation in the indictment. See Jackson v. State, 898 S.W.2d 896, 898 (Tex. Crim. App.
1995), overruled on other grounds, Malik v. State, 953 S.W.2d 234, 239 (Tex. Crim. App. 1997);
Montoya v. State, 810 S.W.2d 160, 165 (Tex. Crim. App. 1989), cert. denied, 502 U.S. 961
(1991). Similarly, in a bench trial, the trial court may use the law of parties if the evidence
supports that theory despite the absence of such allegation in the indictment. See Diaz v. State,
902 S.W.2d 149, 151 (Tex. App.--Houston [1st Dist.] 1995, no pet.). Under the law of parties,
a person is criminally responsible for an offense committed by another if, acting with the intent
to promote or assist in the commission of the offense, he solicits, encourages, directs, aids, or
attempts to aid the person to commit the offense. See Tex. Penal Code Ann. § 7.02(a)(2) (West
1994). To determine whether a person acted as a party to an offense, the trier of fact may look
to events occurring before, during, and after the offense, and may rely on actions that show an
understanding and common design to engage in an act. See Burdine v. State, 719 S.W.2d 309,
315 (Tex. Crim. App. 1986), cert. denied, 480 U.S. 940 (1987). Thus, applying the theory of
parties, a person can be guilty of burglary even though he did not personally enter the burglarized
premises if he acted together with another in the commission of the offense. See Clark v. State,
543 S.W.2d 125, 127 (Tex. Crim. App. 1976); Wilkerson v. State, 874 S.W.2d 127, 129 (Tex.
App.--Houston [14th Dist.] 1994, pet ref'd).

 Here, even if the trial court believed Hancock's testimony that appellant never
entered the victim's property, the evidence supports appellant's guilt as a party. At the least,
appellant helped Hancock transport the stolen property from Davila's back fence to Jackson's
residence. Appellant offered to "share" the coins with Jackson and share with her proceeds from
pawning the items if she would help. These items were later identified as stolen. Appellant thus
personally possessed recently stolen property and asserted a right to control it. Cf. Jackson, 645
S.W.2d at 304-05 (defendant passenger in van containing stolen property, no assertion of right
over property). When arrested, appellant offered no explanation for that possession. The
evidence supports the conclusion that appellant aided Hancock in the commission of the offense
and thus is guilty as a party.


Guilt as a Primary Actor


 Of course, the trial court, as the factfinder, was free to disbelieve all or any part
of Hancock's testimony. Until trial, Hancock did not tell the police or anyone else that appellant
did not participate in the burglary. He apparently was appellant's longtime friend or
acquaintance. His testimony that he and appellant never made it to a pawn shop conflicted with
Davila's testimony about visiting the pawn shop and identifying stolen merchandise. Further,
Hancock's testimony asked the court to believe he single-handedly carried heavy items such as
a table saw and bench grinder from Davila's house and threw them over the fence just as appellant
happened to be passing by, allowing appellant to assist in transporting the items away from
Davila's property. Hancock's testimony also conflicted with Jackson's version of events. 
Hancock never admitted that he and appellant took Davila's property to Jackson's house, then
went back to Davila's house and returned with more items of her property. He claimed he first
saw appellant when he was leaving Davila's house, whereupon they loaded items into a truck and
left. In short, the trial court had many bases for finding Hancock less than credible and could
have disbelieved Hancock's testimony that appellant never entered Davila's house. As discussed
above, appellant's unexplained recent possession of the stolen property supports an inference of
entry into Davila's house and an overall inference of guilt. See Lopez, 884 S.W.2d at 921. 
Accordingly, we overrule appellant's first issue presented.

 Finally, our review of the evidence does not show that the verdict was "so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust." See Clewis, 922
S.W.2d at 129. Factually sufficient evidence, especially the unexplained possession of recently
stolen property, supports appellant's conviction either as a party or as a principal actor. 
Accordingly, we overrule appellant's second issue.


Conclusion



 We have reviewed the evidence and find it legally and factually sufficient to support
appellant's conviction for burglary of a habitation. Therefore, we have overruled both of his
issues presented on appeal and affirm the judgment of conviction.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: January 21, 2000

Do Not Publish
1. Section 30.02(a)(3) was amended in 1999. Act of May 26, 1999, 76th Leg., R.S., ch. 727,
§ 1, 1999 Tex. Sess. Law Serv. 3336, 3336. As that amendment does not affect the determination
of this appeal, the current Code is cited for convenience.
2. Appellant was an acquaintance of Jackson's son and stayed at Jackson's home periodically.
3. The 1999 amendment to section 30.02(a)(3) added "assault" to "felony or theft." Act of
May 26, 1999, 76th Leg., R.S., ch. 727, § 1, 1999 Tex. Sess. Law Serv. 3336, 3336.



 engage in an act. See Burdine v. State, 719 S.W.2d 309,
315 (Tex. Crim. App. 1986), cert. denied, 480 U.S. 940 (1987). Thus, applying the theory of
parties, a person can be guilty of burglary even though he did not personally enter the burglarized
premises if he acted together with another in the commission of the offense. See Clark v. State,
543 S.W.2d 125, 127 (Tex. Crim. App. 1976); Wilkerson v. State, 874 S.W.2d 127, 129 (Tex.
App.--Houston [14th Dist.] 1994, pet ref'd).

 Here, even if the trial court believed Hancock's testimony that appellant never
entered the victim's property, the evidence supports appellant's guilt as a party. At the least,
appellant helped Hancock transport the stolen property from Davila's back fence to Jackson's
residence. Appellant offered to "share" the coins with Jackson and share with her proceeds from
pawning the items if she would help. These items were later identified as stolen. Appellant thus
personally possessed recently stolen property and asserted a right to control it. Cf. Jackson, 645
S.W.2d at 304-05 (defendant passenger in van containing stolen property, no assertion of right
over property). When arrested, appellant offered no explanation for that possession. The
evidence supports the conclusion that appellant aided Hancock in the commission of the offense
and thus is guilty as a party.


Guilt as a Primary Actor


 Of course, the trial court, as the factfinder, was free to disbelieve all or any part
of Hancock's testimony. Until trial, Hancock did not tell the police or anyone else that appellant
did not participate in the burglary. He apparently was appellant's longtime friend or
acquaintance. His testimony that he and appellant never made it to a pawn shop conflicted with
Davila's testimony about visiting the pawn shop and identifying stolen merchandise. Further,
Hancock's testimony asked the court to believe he single-handedly carried heavy items such as
a table saw and bench grinder from Davila's house and threw them over the fence just as appellant
happened to be passing by, allowing appellant to assist in transporting the items away from
Davila's property. Hancock's testimony also conflicted with Jackson's version of events. 
Hancock never admitted that he and appellant took Davila's property to Jackson's house, then
went back to Davila's house and returned with more items of her property. He claimed he first
saw appellant when he was leaving Davila's house, whereupon they loaded items into a truck and
left. In short, the trial court had many bases for finding Hancock less than credible and could
have disbelieved Hancock's testimony that appellant never entered Davila's house. As discussed
above, appellant's unexplained recent possession of the stolen property supports an inference of
entry into Davila's house and an overall inference of guilt. See Lopez, 884 S.W.2d at 921. 
Accordingly, we overrule appellant's first issue presented.

 Finally, our review of the evidence does not show that the verdict was "so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust." See Clewis, 922
S.W.2d at 129. Factually sufficient evidence, especially the unexplained possession of recently
stolen property, supports appellant's conviction either as a party or as a principal actor. 
Accordingly, we overrule appellant's second issue.


Conclusion



 We have reviewed the evidence and find it legally and factually sufficient to support
appellant's conviction for burglary of a habitation. Therefore, we have overruled both of his
issues presented on appeal and affirm the judgment of conviction.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justi