11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Roberto Garcia Avila

Appellant

Vs.                   No.
11-01-00346-CR  --  Appeal from Dallas County

State of Texas

Appellee

 

The jury convicted Roberto Garcia Avila of
burglary of a building, and the trial court assessed his punishment at
confinement in a state jail facility for 1 year and a $1,600 fine.  We affirm. 


Appellant presents two issues for appellate
review.  In these issues, he challenges
the legal and factual sufficiency of the evidence and urges that the evidence
is insufficient to show that he entered the building or removed any items from
the building.  In order to determine if
the evidence is legally sufficient, we must review all of the evidence in the
light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S.
307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence in support of a vital fact is so weak as to be
clearly wrong and manifestly unjust or whether the finding of a vital fact is
so contrary to the great weight and preponderance of the evidence as to be
clearly wrong and manifestly unjust. 
Goodman v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23
S.W.3d 1, 11 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404
(Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).  The jury, as the trier of fact, was the sole
judge of the credibility of the witnesses and of the weight to be given to
their testimony.  TEX. CODE CRIM. PRO.
ANN. arts. 38.04 & 36.13 (Vernon 1979 & 1981).  








The record shows that Detective David Baker and
Officer Michael Potter were working undercover patrolling an area where
residential burglaries had become a problem. 
The officers testified that they became suspicious of a vehicle that was
going from alley to alley and that they followed the vehicle.  Appellant was the passenger in that
vehicle.  The officers noticed that the
vehicle stopped in the alley at the location of the driveway to 3816 Waldorf
Circle, a residence owned by Ralph Echols. 
Detective Baker and Officer Potter both testified that, when they saw
the vehicle at that location, the driver remained seated in the car; the
passenger door was open; and appellant was not in the car.  The officers did not maintain a constant
surveillance on the vehicle or appellant because they did not want the
passengers in the vehicle to realize that they were being followed.  Other undercover officers in the area helped
with the surveillance.  Detective Baker
testified that the vehicle made several stops after it left Waldorf
Circle.  At the first stop, he saw
appellant at the trunk of the car with a Afairly
large@ object in his
hand.  The object was a Areddish orange color.@  After observing the vehicle cruise other alleys and make various
stops, the officers called for a uniformed officer to stop the occupants of the
vehicle when they saw appellant lift a reddish-orange chain saw from the trunk
and show it to a man in a parking lot. 
When the uniformed officers arrived, appellant dropped the chain saw
into the trunk and shut the trunk.  The
driver of the vehicle cooperated fully and opened the trunk, which contained a
chain saw and a weed eater.  The driver
showed the officers where the items had come from B a storage shed at 3816 Waldorf Circle.  Echols identified both the chain saw and
weed eater as items that were stolen from his storage shed.      Appellant
testified in his own behalf.  He denied
any knowledge of the chain saw, the weed eater, or the residence at 3816
Waldorf Circle.  

We hold that the evidence is both legally and
factually sufficient to support appellant=s
conviction.  The evidence supports an
inference that appellant entered the shed with the intent to commit theft and
did, in fact, commit a theft.  See
Harris v. State, 656 S.W.2d 481 (Tex.Cr.App.1983); Lopez v. State, 884 S.W.2d
918, 921 (Tex.App. - Austin 1994, pet=n
ref=d); Rogers v.
State, 828 S.W.2d 221, 223 (Tex.App. - Dallas 1992, pet=n ref=d).  Both issues for review are overruled.  

 








The judgment of the trial court is affirmed.  

 

JIM R. WRIGHT

JUSTICE

July 18, 2002

Do not publish. 
See TEX.R.APP.P. 47.3(b).

Panel
consists of:  Arnot, C.J., and 

Wright,
J., and McCall, J.