# NO. 12-09-00440-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD A. CRUTCHFIELD,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Richard Crutchfield appeals his conviction for burglary of a habitation. In four issues, Appellant contends that the evidence is legally and factually insufficient to support his conviction, the trial court erred in denying the request for a lesser included offense instruction, and the trial court erred in admitting evidence regarding a previous conviction that had been reversed. We modify and, as modified, affirm.

## BACKGROUND

Daniel Langen saw two men carrying a big screen television walk into the bed of a truck near a mobile home located next to the hardware store he owned. Langen followed the two men when they left in the truck. An employee of the hardware store and his wife also saw the truck leaving the area. The employee called the cashier at the store to give her the license plate number. Langen also called the store and gave the cashier the license plate number of the truck he followed. Ultimately, Langen's cashier called 911 to report the suspicious activity. Dale Hukill, a Smith County sheriff's deputy, found and stopped the truck matching the description and placed the two men inside it into custody. Appellant was the driver of the vehicle. His brother, John Crutchfield, was a passenger in the vehicle. Jordan identified the items in the back of the vehicle

as his property.

Appellant was charged by indictment with burglary of a habitation. The indictment alleged that Appellant had two prior felony convictions. Appellant entered a plea of not guilty to the offense. The jury found Appellant guilty. During the punishment phase, Appellant entered a plea of not true to both enhancement paragraphs. The jury found the enhancement paragraphs true and sentenced Appellant to imprisonment for life. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his first two issues, Appellant challenges the legal and factual sufficiency of the evidence supporting Appellant's conviction of burglary of a habitation.

### Standard of Review

The Texas Court of Criminal Appeals recently held that the *Jackson v. Virginia* legal sufficiency standard is the only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State,* 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010) (plurality op.). Accordingly, we will not independently consider Appellant's challenge to the factual sufficiency of the evidence. Under this single sufficiency standard, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We defer to the trier of fact's responsibility to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319; 99 S. Ct at 2789; *Hooper*, 214 S.W.3d at 13. Every fact does not need to point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13. Circumstantial evidence is as probative as direct evidence in establishing guilt and may alone be sufficient to establish guilt. *Id*. On appeal, the same standard of review is used for both circumstantial and direct evidence cases. *Id.*

### Applicable Law

To obtain a conviction for burglary of a habitation, the State was required to prove beyond

a reasonable doubt that Appellant, without the effective consent of the owner, entered a habitation with intent to commit theft. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2011). "Enter" is defined as intruding with any part of the body or any physical object connected with the body. *Id*. § 30.02(b)(1) (Vernon 2011). Direct evidence of entry is not required to obtain a conviction of burglary. *See Lopez v. State*, 884 S.W.2d 918, 921 (Tex. App.–Austin 1994, pet. ref'd). Entry in a burglary offense may be established by an inference, just as inference may be used to prove the elements of any other offense. *Id*. It is a well settled rule that a defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary. *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006).

"Habitation" means a structure or vehicle that is adapted for the overnight accommodation of persons. TEX. PENAL CODE ANN. § 30.01(1) (Vernon 2011). The Texas Court of Criminal Appeals has explained that "adapted" means "suitable." *Blankenship v. State*, 780 S.W.2d 198, 209 (Tex. Crim. App. 1989). Factors to be considered in determining whether a structure is suitable for the overnight accommodation of persons include the following: (1) whether the structure was being used as a residence at the time of the trespass; (2) whether the structure contained bedding, furniture, utilities, or other belongings common to a residential structure; and (3) whether the structure was of such character that it was likely intended to accommodate persons overnight. *Id*. at 209; *Salazar v. State*, 284 S.W.3d 874, 877 (Tex. Crim. App. 2009). The determination whether a burglarized place is a "building" or a "habitation" will be overturned on appeal only if no reasonable trier of fact could have found the place to have been a habitation under these criteria. *Blankenship*, 780 S.W.2d at 209-10.

**Discussion**

Appellant asserts that the evidence is insufficient to establish that (1) Appellant was the individual who entered the mobile home and committed the burglary and (2) the mobile home was a habitation.

1. **Identification of Appellant and Entry**.

Langen saw two men loading into the bed of a truck a big screen television that Jordan, the homeowner, testified was located in the master bedroom of his double wide mobile home. Langen followed the two men when they left in a "burnt orange bright, bright truck" loaded down with items that included the big screen television. Another employee of the hardware store and his wife saw a "pretty burnt orange pickup" leaving the area with items loaded in the back,

including a "flat screen TV." The employee called the cashier at the store to give her the license plate number. Langen also called the store and gave the cashier the license plate number. Deputy Hukill was "dispatched to a burglary in progress where a bronze colored Dodge Dakota pickup was leaving the scene of a burglary loaded with a bunch of property included [sic] a big screen TV." While at the scene, Deputy Hukill spoke with witnesses who told him that the owner of the hardware store followed the truck to a certain neighborhood. After heading in the direction specified, Deputy Hukill located the truck, which matched the description and license plate number given by one of the witnesses who saw the truck leaving Jordan's mobile home.

At trial, Deputy Hukill identified Appellant as the driver of the vehicle, which contained the big screen television and other items owned by Jordan that were taken from both his mobile homes. Deputy Hukill also discovered a Tyler Police Department property tag tied to the back of the big screen television that had Jordan's name on it. Further, Appellant's wallet contained titles to two vehicles registered in Jordan's name. Langen testified that he could not identify the two men if he saw them, and was unable to determine their race. However, viewing the evidence in the light most favorable to the jury's finding of guilt, the jury could have reasonably inferred Appellant committed the burglary. *See Poncio*, 185 S.W.3d at 985.

Appellant asserts that the State failed to show that Appellant entered the mobile home. Although there is no direct evidence that he entered the mobile home, two men were seen loading a television, which came from the mobile home, into a truck that was being driven by Appellant a short time after the burglary and contained the stolen property. Under these circumstances, the jury could have reasonably inferred that Appellant entered the mobile home. *See Lopez*, 884 S.W.2d at 921 (circumstantial evidence of entry included identification of defendant as one of two persons at scene of burglary and possession of stolen items in his home).

2. **Mobile Home as Habitation**.

Jordan testified that he was in the process of moving to a new home located behind his two mobile homes. He said he had not lived in the double wide mobile home for the last eight or nine months before the burglary occurred. However, the double wide mobile home had electricity and water turned on, and Jordan had lived there approximately nine years prior to his move to the new home. Jordan had also recently replaced the roof on the double wide mobile home. From this evidence, the jury reasonably could have found that the double wide mobile home was a habitation. *See Blankenship*, 780 S.W.2d at 206, 209-10.

**Holding**

After viewing the evidence in the light most favorable to the verdict, we hold the jury could have found the essential elements of the offense of burglary of a habitation beyond a reasonable doubt. Therefore, the evidence is legally sufficient to support the jury's finding of guilt. We overrule Appellant's first and second issues.

**LESSER INCLUDED OFFENSE**

In his third issue, Appellant contends the trial court erred in denying his request for an instruction on the lesser included offense of burglary of a building.

**Standard of Review and Applicable Law**

An offense is a lesser included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (Vernon 2006); *see also* ***Hall v. State***, 225 S.W.3d 524, 527 (Tex. Crim. App. 2007). We must conduct a two step analysis to determine whether a defendant was entitled to an instruction on a lesser included offense by asking (1) whether the requested charge is for a lesser included offense of the charged offense and (2) whether there is trial evidence that supports giving the instruction to the jury. ***Rice v. State***, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011). The first step of the analysis is to determine whether the lesser included offense is included within the proof necessary to establish the offense charged. ***Id***. "This is a question of law, and it does not depend on the evidence to be produced at trial." ***Id***. The second step of the analysis is to determine whether some evidence exists in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser included offense. ***Id***. at 145. The evidence must establish the lesser included offense as "a valid, rational alternative to the charged offense." ***Id***. (quoting ***Hall***, 225 S.W.3d at 536).

**Discussion**

Under the first prong of the analysis, we review the offense charged in the indictment. The indictment alleged that Appellant "did then and there, with intent to commit theft, enter a habitation, without the effective consent of Herman Jordan, the owner thereof." The same predicate offense of burglary underlies both burglary of a building and burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a) (Vernon 2011).[1] Consequently, the State does not dispute

---

[1] "[A] person commits an offense if, without the effective consent of the owner, the person: (1) enters a

that burglary of a building can be a lesser included offense of burglary of a habitation. *See, e.g., **Allison v. State***, 618 S.W.2d 763, 764-65 (Tex. Crim. App. 1981). In this case, burglary of a building is an offense established by proof of the same or less than all the facts required to establish burglary of a habitation as charged in the indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006).

Under the second prong of the analysis, there must be evidence that if Appellant was guilty of anything, he was guilty only of burglary of a building—and not of a habitation. *See **Hall***, 225 S.W.3d at 535; ***Rousseau v. State***, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). A "building" means "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." TEX. PENAL CODE ANN. § 30.01(2) (Vernon 2011). As noted previously, a "habitation" is defined as "a structure or vehicle that is adapted for the overnight accommodation of persons." *Id*. § 30.01(1). In determining whether a structure is suitable or not suitable for overnight accommodation, a jury may consider the type of structure, its typical use, and its contents. *See **Salazar***, 284 S.W.3d at 877.

Even though both Jordan's single wide and his double wide mobile home were burglarized, the indictment alleged only one burglary of a habitation charge and did not specify which home was burglarized.[2] Accordingly, for Appellant to be entitled to an instruction on the lesser included offense of burglary of a building, he must show some evidence that both mobile homes were buildings or alternatively, that if only one was a building, he burglarized only that mobile home and not the other. Appellant argues that the single wide mobile home was used for storage purposes only, had no utilities, no bedding, and had not been used as a residence in at least two years. He also contends that the double wide mobile home had not been lived in for more than six months. For the reasons explained in our evidentiary sufficiency analysis, we conclude Appellant has failed to show some evidence in the record from which a jury could rationally find that the double wide mobile home was only a building and not a habitation. *See **Rice***, 333 S.W.3d at 145.

---

habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault." *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2011). Burglary is a state jail felony if committed in a building other than a habitation, but is a felony of the second degree if committed in a habitation. *Id*. § 30.02(c).

[2] Jordan owns both a single wide and a double wide mobile home. The single wide is located next to the double wide on the same property. Items were taken from both mobile homes, but the evidence at issue primarily relates to the television taken from the double wide. The single wide was previously occupied by a family member, but had been vacant for the last "couple of years." The single wide had two bedrooms, a living room, kitchen, and bathroom, and contained some furniture. The bedroom had no beds and was used as a storage area. The single wide was set up for utilities, but Jordan had the water and electricity turned off.

Accordingly, with regard to the double wide mobile home, Appellant has not established burglary of a building as a valid, rational alternative. *See id*. Therefore, to show he was entitled to the lesser included offense instruction, Appellant must point to some evidence in the record that (1) the single wide mobile home was a building and not a habitation and that (2) Appellant burglarized only the single wide mobile home.

Appellant argues that the evidence is unclear what property was actually taken from the double wide mobile home. We disagree. Jordan testified that his big screen television was located in the double wide mobile home. This same television was found in the truck driven by Appellant. Even assuming the single wide mobile home is a building, the evidence does not show that Appellant burglarized only the single wide and not the double wide mobile home. Accordingly, we conclude that there is no evidence in the record from which the jury could have concluded that if Appellant was guilty, he was guilty only of burglary of a building and not burglary of a habitation. *Rice*, 333 S.W.3d at 145. Therefore, Appellant has not shown that he was entitled to the lesser included offense instruction. The trial court did not err in refusing Appellant's request for a jury instruction on burglary of a building. We overrule Appellant's third issue.

### EVIDENCE REGARDING PREVIOUS CONVICTION

In his fourth issue, Appellant asserts that the trial court erred "in allowing evidence to be admitted regarding a previous conviction when that conviction had been reversed on appeal."

Texas Rule of Appellate Procedure 38.1(i) states that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Conclusory statements unsupported by citation to any legal authority present nothing for the court to review. *Nolan v. State*, 102 S.W.3d 231, 236 (Tex. App.–Houston [14th Dist.] 2003, pet ref'd). Even authorities alone are not sufficient to constitute an argument, and an appellant's brief should argue the law and the facts that weigh in the party's favor. *Mack v. State*, No. 12-02-00037-CR, 2003 WL 23015101, at *2 (Tex. App.–Tyler Dec. 23, 2003, pet. ref'd) (not designated for publication); *see also Wyatt v. State*, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000) (noting it is not the responsibility of an appellate court to make appellant's arguments for him where an issue is inadequately briefed). Failure to cite authority in support of an issue waives the complaint. *Allen v. State*, No.12-01-00079-CR, 2003 WL 1090366 at *3

(Tex. App.–Tyler Mar. 12, 2003, no pet) (not designated for publication).

Appellant's presentation of his fourth issue is contained in the following paragraph:

> The State alleged a previous conviction in an enhancement paragraph. Specifically, that on the 18[th] day of January, 1990, in cause number A-4736 in the 173[rd] Judicial District Court of Henderson County, Texas, the defendant was convicted of the felony offense of Burglary of a Habitation. I CR 4. This evidence was objected to by Appellant. II RR 176. This Court reversed that conviction and remanded for [a] new trial. *Crutchfield v. State*, 842 S.W.2d 304 (Tex. App.–Tyler 1992, pet. ref'd). The Court of Appeals number for that case is 12-09-0032-CR. A check of the Court of Appeals records indicates that the trial cause number that was assigned that specific court of appeals number was A-4736, an appeal taken from the 173[rd] District Court. For this error, the judgement [sic] of the trial court should be reversed.

Appellant's recitation of the subsequent history of the case was not presented to the trial court and therefore, is not contained in the appellate record. But Appellant has cited no authority that authorizes us to consider this information in our review Additionally, Appellant provides no argument or cites any legal authority to support his contention that the judgment of the trial court should be reversed. Because Appellant has failed to adequately brief this issue, he has waived his complaint. *See* TEX. R. APP. P. 38.1(i); *Sierra v. State*, 157 S.W.3d 52, 64 (Tex. App.–Fort Worth 2004), *aff'd*, 218 S.W.3d 85 (Tex. Crim. App. 2007) (appellant waived argument that consisted of only four sentences with no citations to any legal authority). We therefore overrule Appellant's fourth issue.

## CONCLUSION

We have overruled Appellant's four issues. We note, however, that the judgment shows Appellant pleaded true to both enhancement paragraphs, but the record shows that he pleaded not true. We have authority to modify a judgment to speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.–Dallas 1991, pet. ref'd). Therefore, we modify the trial court's judgment to show Appellant pleaded not true to the enhancement paragraphs. We *affirm* the judgment of the trial court as *modified*.

**BRIAN HOYLE**
Justice

Opinion delivered July 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*
(DO NOT PUBLISH)