COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-03-515-CR


CLOYED DAVID HAYES                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM OPINION [1]

------------
        A jury convicted Appellant Cloyed David Hayes of driving while
intoxicated (“DWI”), and the trial court sentenced him to one hundred fifty days
in jail and a $500 fine. In a single point, Appellant appeals the trial court’s
denial of his motion for mistrial after the State violated the pretrial ruling
prohibiting the introduction during the guilt-innocence phase of portions of a
videotape referencing Appellant’s prior arrest. Because we hold that the trial
court did not abuse its discretion by denying a mistrial, we affirm the trial
court’s judgment.
        When the police officer interviewed Appellant, he asked whether
Appellant had been previously arrested. The interview was recorded on
videotape. At trial, Appellant objected to the questions and answers regarding
prior arrests being presented to the jury. The trial court sustained the objection
and instructed the prosecutor to activate the mute function of the VCR when
the tape reached the points of the objectionable questions. When the tape
reached the first objectionable question, the prosecutor did not hit the mute
button until after the question was completed. When the tape reached the next
objectionable question, the prosecutor did not hit the mute button until the
question had been asked and answered.
        Appellant correctly argues that evidence tending to establish that a
defendant is a “criminal generally” is inadmissible. [2] The State does not contest
Appellant’s argument that the jury should not have been allowed to hear the
questions and answers regarding Appellant’s prior arrests. The State argues
that it is well settled law in Texas that an instruction to disregard is sufficient
to cure the harm of the improper act.
        The State and Appellant agree that no one contends that the improper
conduct on the part of the prosecutors was intentional, although there is some
question about the intent of the police officer in asking these questions at a
time when he was aware that a videotape was being made that would in all
probability be shown to a jury.
        The State argues that the Texas Court of Criminal Appeals has, upon
many occasions, found that the harm from improper references to extraneous
offenses and improper statements by witnesses and prosecutors was usually
curable by an instruction to disregard. [3] In the case now before this court, there
is no suggestion that the prosecutor acted intentionally. The trial judge acted
immediately in sustaining the objection and instructing the jury to disregard the
statement. Appellant argues, however, that the intent of the prosecutor is of
no consequence and that we should look only at the result of the prosecutor’s
improper action. As a result of the evidence being heard by the jury, Appellant 
felt obligated to take the stand to explain that the prior arrest did not result in
a DWI conviction. The State was then allowed to cross-examine Appellant on
other matters as well as the prior arrest. Appellant argues that these questions
implicated his Fourth and Fifth Amendment rights.
        Generally, an instruction to disregard does cure harm. [4] Although
Appellant argues that his having to testify left him vulnerable to cross-examination by the State on other matters, Appellant does not explain what
those matters were or how they implicated his Fourth and Fifth Amendment
rights. We agree with the State that the sole piece of evidence being
contested, the fact of Appellant’s prior arrest, was not embellished, relied on,
argued, or treated in any manner so inflammatorily as to undermine the efficacy
of the trial court’s instruction to disregard. Consequently, we hold that the trial
court did not abuse its discretion by denying Appellant’s motion for mistrial. 
We therefore overrule Appellant’s sole point and affirm the trial court’s
judgment.
 
                                                                  LEE ANN DAUPHINOT
                                                                  JUSTICE
PANEL A:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
WALKER, J. concurs without opinion.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 18, 2005
 
 
NOTES
1. See Tex. R. App. P. 47.4.
2. See Bordelon v. State, 683 S.W.2d 9, 10 (Tex. Crim. App. 1985); Albrecht
v. State, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972).
3. See Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992), cert.
denied, 508 U.S. 918 (1993); Barney v. State, 698 S.W.2d 114, 125 (Tex.
Crim. App. 1985).
4. Faulkner v. State, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet.
ref’d) (en banc op. on reh’g).