Cloyed David Hayes v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-515-CR

CLOYED DAVID HAYES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Cloyed David Hayes of driving while intoxicated (“DWI”), and the trial court sentenced him to one hundred fifty days in jail and a $500 fine.  In a single point, Appellant appeals the trial court’s denial of his motion for mistrial after the State violated the pretrial ruling prohibiting the introduction during the guilt-innocence phase of portions of a videotape referencing Appellant’s prior arrest.  Because we hold that the trial court did not abuse its discretion by denying a mistrial, we affirm the trial court’s judgment.

When the police officer interviewed Appellant
, he asked whether Appellant had been previously arrested.  The interview was recorded on videotape.  At trial, Appellant objected to the questions and answers regarding prior arrests being presented to the jury.  The trial court sustained the objection and instructed the prosecutor to activate the mute function of the VCR when the tape reached the points of the objectionable questions.  When the tape reached the first objectionable question, the prosecutor did not hit the mute button until after the question was completed.  When the tape reached the next objectionable question, the prosecutor did not hit the mute button until the question had been asked and answered.

Appellant correctly argues that evidence tending to establish that a defendant is a “criminal generally” is inadmissible.
(footnote: 2)  The State does not contest Appellant’s argument that the jury should not have been allowed to hear the questions and answers regarding Appellant’s prior arrests.  The State argues that it is well settled law in Texas that an instruction to disregard is sufficient to cure the harm of the improper act.

The State and Appellant agree that no one contends that the improper conduct on the part of the prosecutors was intentional, although there is some question about the intent of the police officer in asking these questions at a time when he was aware that a videotape was being made that would in all probability be shown to a jury.

The State argues that the Texas Court of Criminal Appeals has, upon many occasions, found that the harm from improper references to extraneous offenses and improper statements by witnesses and prosecutors was usually curable by an instruction to disregard.
(footnote: 3)  In the case now before this court, there is no suggestion that the prosecutor acted intentionally.  The trial judge acted immediately in sustaining the objection and instructing the jury to disregard the statement.  Appellant argues, however, that the intent of the prosecutor is of no consequence and that we should look only at the result of the prosecutor’s improper action.  As a result of the evidence being heard by the jury, Appellant  felt obligated to take the stand to explain that the prior arrest did not result in a DWI conviction.  The State was then allowed to cross-examine Appellant on other matters as well as the prior arrest.  Appellant argues that these questions implicated his Fourth and Fifth Amendment rights.

Generally, an instruction to disregard does cure harm.
(footnote: 4)  Although Appellant argues that his having to testify left him vulnerable to cross-examination by the State on other matters, Appellant does not explain what those matters were or how they implicated his Fourth and Fifth Amendment rights.  We agree with the State that the sole piece of evidence being contested, the fact of Appellant’s prior arrest, was not embellished, relied on, argued, or treated in any manner so inflammatorily as to undermine the efficacy of the trial court’s instruction to disregard.  Consequently, we hold that the trial court did not abuse its discretion by denying Appellant’s motion for mistrial.  We therefore overrule Appellant’s sole point and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 18, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See Bordelon v. State
, 683 S.W.2d 9, 10 (Tex. Crim. App. 1985); 
Albrecht v. State
, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972).

3:
See Kemp v. State
, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992), 
cert. denied
, 508 U.S. 918 (1993); 
Barney v. State
, 698 S.W.2d 114, 125 (Tex. Crim. App. 1985).

4:
Faulkner v. State
, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref’d) (en banc op. on reh’g).