

# NUMBER 13-13-00084-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ERNESTO GOMEZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

## On appeal from the 24th District Court
## of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Longoria**
**Memorandum Opinion by Justice Rodriguez**

Appellant Ernesto Gomez challenges his conviction for burglary of a building.
*See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011).   By one issue, appellant argues
the evidence was insufficient to prove he was guilty.   We affirm.

## I. Background

Appellant was charged with the burglary of a building in connection with the alleged theft of lawn tools from the outdoor sheds of Paul Sanchez. *See id.* Appellant pleaded not guilty, waived his right to a jury trial, and the case was tried to the bench.[1]

At trial, Blake Sanchez, the brother of Paul Sanchez, testified that on the morning of the incident, he witnessed appellant under his brother's carport as he drove by. Blake described seeing some lawn tools on the ground near appellant. He testified that he immediately called his brother, who was at work, to ask if someone was supposed to be at his house. When his brother told him no, Blake turned around, and appellant was no longer there. While appellant was in custody, Blake identified appellant as the man that he saw under his brother's carport.

Paul Sanchez testified that he has two outdoor sheds where he keeps his lawn tools and various other possessions. He testified that he keeps his leaf blower in the first shed and weed eater in the second shed, and that the sheds remain unlocked. Paul testified that the day before the incident, he had used his leaf blower and weed eater while doing lawn work and had returned the lawn tools to their proper places in his storage sheds. He testified that he is very neat and careful with his belongings and would not have left his tools outside.

Officer Sean Sheehan of the Victoria Police Department testified that he responded to a caller, who gave a description of appellant in regards to the other charged

---

[1] Appellant was also charged with attempted burglary of a habitation. TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(2) (West 2011). The trial court convicted him of this offense, as well, but appellant is not challenging that conviction.

offense in this case.[2]   Officer Sheehan testified that he identified a man matching the caller's description walking down the street carrying a leaf blower and a weed eater. According to Officer Sheehan, as he approached the man in his vehicle, the man dropped the items and fled on foot.   Officer Sheehan pursued the man and took him into custody. Once in custody, the man claimed that the leaf blower and weed eater belonged to his niece, but was unable to give a name, address, or any details to confirm his claim. Officer Sheehan discovered that the suspect also had two screwdrivers in his pocket. According to Officer Sheehan, he has learned through his police experience that screwdrivers are commonly used as prying tools in burglaries.   Officer Sheehan then testified that two witnesses were able to identify the suspect in custody as appellant.

After the aforementioned testimony and argument by counsel, the trial court found appellant guilty of burglary of a building.   Appellant was sentenced to twenty years' incarceration.   This appeal followed.

## II.   Standard of Review and Applicable Law

In a sufficiency review, we "view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."   *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).   This standard requires reviewing courts to resolve any evidentiary inconsistencies in favor of the judgment, keeping in mind that the fact finder is the exclusive judge of the facts, the credibility of the witnesses, and the weight given to their testimony.   *Brooks v. State*, 323

---

[2]   *See supra* note 1.

S.W.3d 893, 899 (Tex. Crim. App. 2010). In conducting our review, we may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). A fact finder may support its verdict with reasonable inferences drawn from the evidence, and it is up to the fact finder to decide which inference is most reasonable. *Laster v. State*, 275 S.W.3d 512, 523 (Tex. Crim. App. 2009). When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the verdict and defer to that determination. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012).

Legal sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge.[3] *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* As authorized by the indictment in this case, a person commits the offense of burglary of a building if, without the effective consent of the owner, the person enters a building or any portion of a building not then open to the public, with intent to commit a felony, theft, or an assault. *See* TEX. PENAL CODE ANN. §30.02(a)(1). "Building" means any enclosed structure intended for use. *Id.* § 30.01 (West 2011).

It is not necessary that the evidence directly proves the defendant's guilt;

---

[3] This standard applies to evidence presented in a bench trial as well as to cases tried to a jury. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

"[c]ircumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone can be sufficient to establish guilt."  *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *see Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010).   Flight can be a circumstance indicating that an accused knowingly possessed stolen property.   *Vela v. State,* 771 S.W.2d 659, 662 (Tex. App.—Corpus Christi 2008, pet. ref'd.) (citation omitted).   The falsity of an explanation may also be shown by circumstantial evidence.   *Adams v. State*, 552 S.W.2d 812, 815 (Tex. Crim. App. 1977).   Finally, possession of burglary tools is admissible in burglary cases as a circumstance from which it may be inferred that such tools were used to commit the offense.   *Bordelon v. State*, 683 S.W.2d 9, 12 n.3 (Tex. Crim. App. 1985).

Specifically, evidence of entry is not required; that element may be established by inference, just as inferences may be used to prove the elements of any other offense. *Lopez v. State*, 884 S.W.2d 918, 921 (Tex. App.—Austin 1994, pet. ref'd).   A defendant's unexplained possession of property recently stolen in a burglary also permits an inference that the defendant is the one who committed the burglary.   *Rollerson v. State*, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007); *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006).   But if the defendant offers an explanation for his possession of the stolen property, the record must demonstrate that the account is false or unreasonable. *See Adams,* 552 S.W.2d at 815.   Whether a defendant's explanation for possession of recently stolen property is true or reasonable is a question of fact to be resolved by the trier of fact.   *Dixon v. State*, 43 S.W.3d 548, 552 (Tex. App.—Texarkana 2001, no pet.).

5

## III. Discussion

Appellant asserts that the evidence is insufficient to support his conviction because there was no direct evidence that he stole the items from the shed. However, direct evidence of entry is not required and can be established by inference. *See Lopez*, 884 S.W.2d at 921. There is ample circumstantial evidence proving appellant's guilt.

Appellant was found in possession of the property. Paul Sanchez testified that he would not have left his lawn tools outside and that he was certain the tools had been stored away in their respective sheds. Even though appellant claimed that the lawn tools belonged to his niece, whether a defendant's explanation for possession of stolen goods is true or reasonable is a question of fact, and here, it was reasonable for the fact finder to resolve the conflict between the testimony of appellant and the alleged victim in favor of guilt. *See Dixon,* 43 S.W.3d at 552.

Additionally, appellant fled from Officer Sheehan and did not heed his command to stop. *See Vela*, 771 S.W.2d at 662. Moreover, at the time of his arrest, appellant was in possession of items generally considered burglary tools, which is a further circumstance indicative of guilt. *See Bordelon*, 683 S.W.2d at 12 n.3.

In light of the foregoing and deferring to the trial court's determination of the credibility of the witnesses and weight of the evidence, we conclude that a rational fact finder could have found, beyond a reasonable doubt, that appellant entered the alleged victim's sheds with the intent to commit theft. *See Jackson*, 12 S.W.3d at 840; *see also* TEX. PENAL CODE ANN. § 30.02(a)(1). The evidence was sufficient to support appellant's conviction for burglary of a building. We overrule appellant's sole issue.

6

## IV.   Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of June, 2013.