

# NUMBER 13-20-00454-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TERON PRATT,                                                                Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

### On appeal from the 361st District Court
### of Brazos County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa

A jury found appellant Teron Pratt guilty of two counts of burglary of a vehicle, a state jail felony. *See* TEX. PENAL CODE ANN. § 30.04(a), (d)(2)(A). Pratt's punishment was enhanced to a third-degree felony by his two prior state felony convictions. *Id.* § 12.425(a). By two issues, Pratt contends (1) the evidence is legally insufficient to sustain his

convictions, and (2) his sentence was illegally enhanced to a third-degree felony. We affirm.[1]

## I. BACKGROUND

A grand jury returned an indictment charging Pratt with two counts of burglary of a vehicle. *See id.* § 30.04(a), (d)(2)(A). The case proceeded to a jury trial, during which Cody Earls, the complainant, and Dakota Norris, a College Station Police Department officer, testified. Their testimony established the following. On January 26, 2019, at approximately 2:00 a.m., Officer Norris was patrolling in plain clothes as part of an operation addressing burglaries of motor vehicles. Officer Norris observed Pratt in the area and approached him. Pratt initially provided Officer Norris with a false name, before revealing his true identity. Upon learning Pratt's identity, Officer Norris discovered that he had an active warrant for his arrest.

Incident to Pratt's arrest, Officer Norris searched Pratt's backpack and discovered a car stereo with loose wires, multiple sets of headphones, E-cigarettes, various chargers, and clothing. Additionally, Pratt was carrying electrical tape, pliers, and a screwdriver. Officer Norris testified that screwdrivers are commonly used by burglars to enter vehicles. The contents of Pratt's backpack led Officer Norris to suspect that Pratt recently burglarized a vehicle.

According to Officer Norris, other officers located two vehicles that had been broken into approximately 200 yards away from where Officer Norris encountered Pratt. A window was broken on each of the vehicles. One of the vehicles was missing a stereo.

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

Officers identified Earls as the owner of both the burglarized vehicles and showed him the property recovered from Pratt. Earls identified the items as being stolen from his vehicles. Earls testified that Pratt did not have permission to enter either vehicle or remove any of the contents. On cross-examination, Officer Norris conceded that he did not have the vehicles dusted for fingerprints nor did he attempt to obtain any surveillance video camera footage. Pratt stipulated that he was previously convicted of burglary of a vehicle on two prior occasions.

The jury returned a guilty verdict on both counts, and the case proceeded to the punishment phase. During the punishment phase, Travis Lacos, a College Station Police Department officer, testified that he interviewed Pratt in 2009. During the interview, Pratt admitted to committing multiple burglaries of motor vehicles and stated that his preferred method of entry into vehicles was by popping out windows with a screwdriver.

The trial court admitted into evidence certified documents of Pratt's prior convictions, which revealed Pratt was previously convicted of forgery and theft, state jail felonies. *See id.* §§ 31.03(a), (e)(4)(D), 32.21. The jury found both punishment enhancement paragraphs to be "true" and assessed Pratt's punishment at ten years' imprisonment for each count. Pratt now appeals.

## II. SUFFICIENCY OF THE EVIDENCE

In his first issue, Pratt challenges the legal sufficiency of the evidence supporting his convictions.

**A.    Standard of Review & Applicable Law**

In reviewing the legal sufficiency of the evidence to support a conviction, we consider all evidence in the light most favorable to the verdict to determine whether a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The jury is the sole judge of the credibility of witnesses and can draw reasonable inferences from the evidence so long as each inference is supported by the evidence produced at trial. *Stahmann*, 602 S.W.3d at 577.

In reviewing the sufficiency of the evidence, we consider both direct and circumstantial evidence as well as all reasonable inferences that may be drawn from the evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018). Each fact need not directly point to the guilt of the defendant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Walker v. State*, 594 S.W.3d 330, 335 (Tex. Crim. App. 2020) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). We resolve any evidentiary inconsistencies in favor of the verdict, keeping in mind that the jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to give their testimony. *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 38.04.

We measure the sufficiency of the evidence against the elements of the offense as defined by a hypothetically correct jury charge. *Metcalf v. State*, 597 S.W.3d 847, 856

4

(Tex. Crim. App. 2020) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The hypothetically correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Walker*, 594 S.W.3d at 336. To establish the state jail felony offense of burglary of a vehicle, the State must prove the defendant: (1) broke into or entered any part of a vehicle; (2) without the owner's effective consent; (3) with the intent to commit any felony or theft; and (4) has previously been convicted two or more times of burglary of a vehicle. TEX. PENAL CODE ANN. § 30.04(a), (d)(2)(A). "Enter" under this provision "means to intrude: (1) any part of the body; or (2) any physical object connected with the body." *Id.* at § 30.04(b).

The State must prove beyond a reasonable doubt that the accused is the person who committed the crime charged. *Johnson v. State*, 673 S.W.2d 190, 196 (Tex. Crim. App. 1984); *Stone v. State*, 635 S.W.3d 763, 767 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd). No formalized procedure is required for the State to prove the identity of the accused. *See Ingerson v. State*, 559 S.W.3d 501, 509 (Tex. Crim. App. 2018); *see also Li v. State*, No. 03-18-00237-CR, 2018 WL 2423211, at *5 (Tex. App.—Austin May 30, 2018, no pet.) (mem. op., not designated for publication) ("No one method or formalized procedure is required for the State to prove the identity of the accused."). The State may prove the defendant's identity by direct evidence, circumstantial evidence, or by reasonable inferences from that evidence. *Ingerson*, 559 S.W.3d at 509 (citing *Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009)).

5

Circumstantial evidence which may permit an inference that the defendant committed a burglary may include "a defendant's unexplained possession of property recently stolen in a burglary," *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006) (concluding appellant's unexplained possession of property recently stolen in a burglary in conjunction with the fact appellant pawned the property very close to the burglarized home was sufficient to support appellant's burglary of habitation conviction); a defendant's physical proximity to the location of the burglary, *see id.*; *see also Miranda v. State*, No. 05-16-01187-CR, 2017 WL 2774454, at *3 (Tex. App.—Dallas June 27, 2017, no pet.) (mem. op., not designated for publication) (concluding that the logical force of the circumstantial evidence, which included the defendant's proximity to the burglarized vehicle, was sufficient for a rational jury to determine the essential elements of burglary of a vehicle were met); the possession or concealment of implements commonly used in burglaries, *see Bordelon v. State*, 683 S.W.2d 9, 12 n.3 (Tex. Crim. App. 1985) (noting that "possession of burglar tools is admissible in burglary cases" as circumstantial evidence that the tools were used to commit the burglary); *see also Gomez v. State*, No. 13–13–00084–CR, 2013 WL 3326032, at *3 (Tex. App.—Corpus Christi–Edinburg June 27, 2013, pet. ref'd) (mem. op., not designated for publication) (concluding that the mere possession of two screwdrivers, "items generally considered burglary tools," was circumstantial evidence of guilt); or a defendant's providing of a false name to law enforcement. *See State v. Cruz*, 461 S.W.3d 531, 539 (Tex. Crim. App. 2015) (concluding that the fact that appellant provided false identification to the officer indicates a

6

"consciousness of guilt" and an awareness that he needed to conceal his identity from law enforcement officials).

**B.      Analysis**

Pratt argues that the evidence is insufficient to support the jury's finding that he was the individual that burglarized the vehicles. Pratt contends the State merely presented evidence that he possessed items taken from the vehicles, not that he was the one that broke into the vehicles. We construe Pratt's issue as challenging the identity element of the offense.

Pratt complains of the lack of direct evidence connecting him to the burglaries. However, Pratt's argument fails to account for the circumstantial evidence that the jury could have considered. *See Nisbett*, 552 S.W.3d at 262. For instance, Officer Norris recovered a screwdriver from Pratt, which he testified is commonly used to gain entry into locked vehicles. *See Bordelon*, 683 S.W.2d at 12 n.3; *see also Gomez*, 2013 WL 3326032, at *3. Pratt initially provided a false name to Officer Norris indicating a consciousness of guilt. *See Cruz*, 461 S.W.3d at 539. Additionally, Pratt was found in the immediate vicinity shortly after the burglaries were committed. *See Poncio*, 185 S.W.3d at 905; *see also Miranda*, 2017 WL 2774454, at *3. Perhaps most importantly, Pratt had no explanation for why he possessed stolen items from the vehicles. *See Poncio*, 185 S.W.3d at 905. We conclude, based on this circumstantial evidence, that a rational trier of fact could have found beyond a reasonable doubt that Pratt was the person who burglarized the vehicles. *See Stahmann*, 602 S.W.3d at 577. We overrule Pratt's first issue.

### III.     PUNISHMENT ENHANCEMENT

In his second issue, Pratt argues that his sentence was illegal because it was improperly enhanced under Texas Penal Code § 12.35(c).[2]

## A.     Standard of Review & Applicable Law

"An illegal sentence is 'one that is not authorized by law; therefore, a sentence that is outside the range of punishment authorized by law is considered illegal.'" *Bell v. State*, 635 S.W.3d 641, 645 (Tex. Crim. App. 2021) (quoting *Ex parte Pue*, 552 S.W.3d 226, 228 (Tex. Crim. App. 2018)). "If a defendant's range of punishment is improperly enhanced, in the sense that the prior convictions alleged do not actually support enhancement under the applicable statutory provision, then the defendant has been sentenced in violation of the law and his sentence is 'illegal.'" *Id.* (citing *Ex parte Rich*, 194 S.W.3d 508, 511–12 (Tex. Crim. App. 2006)). Whether a sentence exceeds the range of punishment authorized by statute is a question of statutory construction that we review de novo. *See Yazdchi v. State*, 428 S.W.3d 831, 837 (Tex. Crim. App. 2014) (concluding that because statutory construction is a question of law, appellate review of a lower court's interpretation of a statute is de novo); *see also Fountain v. State*, No. 03-17-00699-CR, 2018 WL 3677871, at *1 (Tex. App.—Austin Aug. 3, 2018, no pet.) (mem. op., not

---

[2] Pratt did not raise an objection to his sentence in the trial court. We assume, without deciding, that Pratt may raise this issue for the first time on appeal. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A trial or appellate court which otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence."); *but see Ex part Dotson*, No. WR-74, 562-02, 2022 WL 791666, at *4 (Tex. Crim. App. Mar. 16, 2022) (Slaughter, J., dissenting) (noting that the Court of Criminal Appeals has acknowledged "a lack of clarity in the case law surrounding [its] treatment of 'improper enhancement' claims, as compared to 'illegal sentence' claims, and the circumstances under which such complaints must be preserved with a timely objection at trial").

designated for publication) (reviewing issue alleging sentence exceeded statutory range of punishment under a de novo standard of review).

## B.     Analysis

In arguing that his sentence was illegally enhanced from a state jail felony to a third-degree felony, Pratt relies on Texas Penal Code § 12.35(c), which provides that an individual guilty of a state jail felony shall be punished for a third degree felony if:

>  (1)     a deadly weapon as defined by Section 1.07 was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited; or
>
>  (2)     the individual has previously been finally convicted of any felony:
>
>>  (A)     under Section 20A.03 or 21.02 or listed in Article 42A.054(a), Code of Criminal Procedure; or
>>
>>  (B)     for which the judgment contains an affirmative finding under Article 42A.054(c) or (d), Code of Criminal Procedure.

TEX. PENAL CODE ANN. § 12.35(c). Pratt argues he did not use a deadly weapon, and the punishment enhancement paragraphs alleged by the State were not offenses listed in subsection (c)(2); therefore, he should have never been subjected to a third-degree punishment range. However, Pratt misunderstands the applicability of § 12.35.

Although the offense of burglary of a vehicle is ordinarily classified as a Class A misdemeanor, because of Pratt's prior convictions under the same statute, Pratt's base offense became a state jail felony.[3] *See* TEX. PENAL CODE ANN. § 30.04(a), (d)(2)(A).

---

[3] Section 30.04(d)(2)(A) of the Texas Penal Code provides that "the offense is a state jail felony if . . . it is shown on the trial of the offense that the defendant has been previously convicted two or more times of an offense under this section[.]" TEX. PENAL CODE ANN. § 30.04(d)(2)(A). As phrased, the prior burglary convictions constitute an element of the base offense of state jail felony burglary, which is subject

9

Following the State's showing that Pratt was previously convicted of two prior state jail felonies—forgery and theft[4]—the state jail felony was then subject to enhancement under § 12.425(a), which provides as follows:

> If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the third degree.

*See id*. § 12.425(a)

The procedure for enhancement turns on whether the state jail offense is aggravated or ordinary. *See State v. Kahookele*, 640 S.W.3d 221, 223–24 (Tex. Crim. App. 2021). Section 12.35(a) "enhances the punishment for an ordinary [state jail felony] to a third-degree range if the offender has two previous, ordinary [state jail felony] convictions." *Id.* at 223. Only where the state jail felony is aggravated, do we look to subsection (c) for enhancement. *See id.*; *see also Thomas v. State*, 481 S.W.3d 685, 689 (Tex. App.—Texarkana 2015), *rev'd on other grounds*, 516 S.W.3d 498 (Tex. Crim. App. 2017) ("Thus, for simplification, convictions under [§] 12.35(a) are classified as non-aggravated state jail felonies, and convictions under [§] 12.35(c) are classified as aggravated state jail felonies."). Pratt's prior convictions are classified as non-aggravated state jail felonies under § 12.35(a), and therefore Pratt's argument that his sentence was improperly enhanced under § 12.35(c) is unavailing.

---

to further punishment enhancement. *See Oliva v. State*, 548 S.W.3d 518, 526 (Tex. Crim. App. 2018) ("There is a practical difference between an enhancing provision saying that an offense 'is' a certain degree and one saying that an offense is 'punished as' a certain degree—the former creates an offense level that can serve as the base offense level for further enhancement . . ., while the latter does not.").

[4] Pratt does not challenge the sufficiency of the evidence linking him to these offenses.

Pursuant to enhancement under § 12.425(a), Pratt's state jail felony conviction was punishable as a third-degree felony, subjecting Pratt to a sentencing range between two and ten years. *See* TEX. PENAL CODE ANN. §§ 12.34(a), 12.425(a). Therefore, we conclude that Pratt's ten-year sentence is within the applicable sentencing range and not illegal. *See Yazdchi*, 428 S.W.3d at 837. Pratt's second issue is overruled.

## IV. CONCLUSION

We affirm the trial court's judgment for each count.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
7th day of July, 2022.