**Affirmed and Memorandum Opinion on Remand filed April 16, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00580-CR

## CHARLES ROBERT RANSIER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 207th District Court**
**Comal County, Texas**
**Trial Court Cause No. CR2016-303**

## MEMORANDUM OPINION ON REMAND

On remand from the court of criminal appeals, we address appellant's point of error one, the sole remaining issue in this case, in which appellant asserts the trial court reversibly erred when it admitted evidence that included a statement by appellant that he was an "ex-con." *See Ransier v. State*, 594 S.W.3d 1, 6 (Tex. App.—Houston [14th Dist.] 2019), *rev'd and remanded*, 670 S.W.3d 646 (Tex. Crim. App. 2023) (*Ransier I*). Concluding that although the trial court erred in admitting the evidence appellant's substantial rights were not affected, we affirm

the judgment of the trial court. *See* Tex. R. App. P 44.2(b).

## I. BACKGROUND

A more extensive recitation of the facts at issue is contained in *Ransier I*. Relevant to the sole issue on remand, a Department of Public Safety (DPS) trooper found appellant on the side of the highway in his truck. Reacting to suspicions raised by his initial encounter with appellant, the trooper received appellant's permission to search the truck. During the search, the trooper saw appellant "trying to make some kind of movement and basically shoving his right hand underneath the driver's side seat." The trooper asked appellant to step away, and when he did not comply, the trooper forcibly "ripped" appellant away from his truck and onto the ground. A broken syringe with methamphetamines was found a few feet from appellant.

During custodial interrogation, appellant admitted that he was attempting to break or conceal the syringe because he was an "ex-con" and could not admit to having drugs. Appellant sought to have his statement about being an "ex-con" excluded from evidence during the guilt/innocence phase of the trial. At a pretrial hearing outside the presence of the jury, the trial court denied appellant's motion to exclude on the basis that appellant's statement that he was an "ex-con" provided a motive for his actions. *See* Tex. R. Evid. 404(b)(2). A recording of the custodial interrogation was later played for the jury, which included that statement. The attorney for the State also summarized appellant's statement about being an "ex-con" in his opening statement.

Appellant was charged with two different offenses: (1) tampering with physical evidence and (2) possession of a controlled substance (less than one gram). The jury found appellant guilty of both offenses. Appellant elected to have the jury assess punishment. Because of prior felony convictions to which appellant

2

pleaded true, the jury sentenced appellant to punishment at life imprisonment for the tampering conviction and 20-years' imprisonment plus a $10,000 fine for his possession-of-a-controlled-substance conviction.

## II.    ANALYSIS

Appellant conceded that he committed the offense of possession of a controlled substance at trial. Therefore, we consider only whether the trial court's admission of appellant's statement that he was an "ex-con" resulted in reversible error with respect to his conviction for tampering with physical evidence.

### A.    Preservation of error

The State argues that appellant did not preserve error on this point because he waived any alleged error. Here, however, the trial court heard appellant's objections to the admission of the statement in which appellant describes himself as an "ex-con" outside the presence of the jury and ruled that the statement was admissible. Tex. R. Evid. 103(b); Tex. R. App. P. 33.1(a). Because the trial court made an adverse ruling, we conclude that appellant did not waive any alleged error. *See id*.

### B.    Applicable law

A trial court's ruling on the admissibility of evidence is reviewed under an abuse-of-discretion standard. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id*.

Rule 404(b) states that evidence of extraneous offenses is not admissible to prove that a defendant committed the charged offense in conformity with a bad character. Tex. R. Evid. 404(b)(1); *see also Bordelon v. State*, 683 S.W.2d 9 (Tex. Crim. App. 1985); *Williams v. State*, 662 S.W.2d 344 (Tex. Crim. App. 1983).

3

Extraneous-offense evidence may be admissible, however, when it has relevance beyond character-conformity, for example, to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Tex. R. Evid. 404(b)(2).

## C. Admission of appellant's statement

In the short video excerpt of appellant's custodial interrogation, appellant was asked if he was trying to break or get rid of the syringe containing methamphetamines. Appellant responded that it was his intention and then explained that he was an "ex-con" and therefore could not have told the trooper that he had "dope" on him.

"[T]he mere fact that a party introduces evidence for a purpose other than character conformity, or any of the other enumerated purposes in Rule 404(b), does not, in itself, make that evidence admissible." *Rankin v. State*, 974 S.W.2d 707, 719 (Tex. Crim. App. 1996), *opinion withdrawn in part on reconsideration* (July 8, 1998). Extraneous offenses may be admissible to show intent. However, if as here, the intent element of the crime is not contradicted by the defendant, then evidence of extraneous offenses is not justified or relevant. *Id*. At trial, the State argued that appellant's statement was relevant to his motive. Although proof of motive is not a required element in criminal cases, "evidence of motive is one kind of evidence [that aids in] establishing proof of an alleged offense." *Crane v. State*, 786 S.W.2d 338, 349–50 (Tex. Crim. App. 1990). For evidence of motive to be admissible, the evidence must tend to raise an inference that the accused had a motive to commit the alleged offense for which he is on trial. *Bush v. State*, 628 S.W.2d 441, 444 (Tex. Crim. App. 1982). Problematic for the State's argument in this appeal is the fact that motive was not a required element of the offense and appellant admitted that he intended to conceal or break the syringe.

4

The disputed issue at trial was whether there was evidence that appellant tampered with evidence. Although appellant conceded that he intended to conceal or destroy evidence, he argued at trial there was no evidence adduced, beyond a reasonable doubt, that he succeeded in concealing or destroying evidence. Because appellant conceded he intended to destroy or conceal evidence, his motive offered nothing more than the reasoning behind his stated intent, and therefore was not relevant. *See* Tex. R. Evid. 404(b)(1). We conclude the trial court erred in admitting appellant's statement that he was an "ex-con."

## D.    Harm

Having concluded that the trial court erred, we must now determine if the error was harmful and therefore is reversible. The erroneous admission of extraneous-offense evidence is reviewed under the standard for nonconstitutional error. *See Snowden v. State*, 353 S.W.3d 815, 818 (Tex. Crim. App. 2011) (observing that erroneous admission of extraneous-offense evidence is reviewed for harm under standard for nonconstitutional error). Any error "that does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b). In other words, we disregard the erroneous admission of evidence if it did not adversely affect the jury's verdict or had only a slight effect on the jury's verdict. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

Here, appellant admitted in his custodial interrogation that he intended to break or destroy evidence. After reviewing the evidence, the court of criminal appeals concluded "there was evidence that Appellant fully concealed the syringe from [the trooper] during the time that he first noticed that Appellant had something in his hand but before the trooper first saw syringe, and there was no evidence suggesting otherwise." The jury also saw a video from the trooper's dashboard camera in which the trooper asked appellant what he had in his hand

5

and then asked him to step away from the truck repeatedly. Considering the videos and testimony received by the jury at trial, the admission of appellant's statement that he was an "ex-con" did not affect his substantial rights. It had a slight effect, if any, on the jury's guilty verdict. *See* Tex. R. App. P. 44.2(b); *King*, 953 S.W.2d at 271.

We overrule appellant's sole issue on remand and affirm the judgment as challenged on appeal.


/s/    Charles A. Spain
        Justice

Panel consists of Justices Jewell, Zimmerer and Spain (Jewell, J., concurring in the judgment without opinion).

Do Not Publish—Tex. R. App. P. 47.2(b).